The Honorable Judge Robert J. Bryan

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA

| | |
|---|---|
| CEHAKANAK SARAY, an individual,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>AMERICAN FAMILY MUTUAL INSURANCE GROUP S.I., a Foreign Corporation, and the agents or employees and comprised thereof.<br><br>　　　　　　Defendants. | No. 3:19-cv-05493-RJB<br><br>**MOTION TO DISMISS**<br><br>Noted for: October 4, 2019 |

## I.  INTRODUCTION AND RELIEF REQUESTED

This Court has already ruled in this case that "Plaintiff has not shown a likelihood of success on the merits." *See* Dkt. 12 at 2.  The Court should dismiss this action which is comprised of claims which are unsupportable as a matter of law.  This matter stems from a simple motor vehicle accident in which Mr. Saray's vehicle was hit by an uninsured vehicle.  Mr. Saray's base cause of action, breach of contract for an Uninsured Motorist (UM) claim, fails as a matter of law because it is undisputed that American Family tendered his UM policy limits roughly nine months before he filed suit.  Mr. Saray accepted and negotiated the check and he is thus entitled to no additional contractual benefits for his UM breach of contract claim.

Case No. 3:19-cv-05493-RJB
MOTION TO DISMISS – Page 1 of 15

**COLE | WATHEN LEID | HALL, P.C.**
**1505 WESTLAKE AVE N, STE 700**
**SEATTLE, WA  98109**
**(206) 622-0494**

Further, Mr. Saray has asserted numerous claims that fail to support a legitimate cause of action as a matter of law, even assuming the far-fetched factual allegations were true, and for which "Plaintiff has not shown a likelihood of success on the merits." *See* Dkt. 12 at 2. Many of the claims are so outlandish that they are properly dismissed on their face—such as infringement on Plaintiff's intellectual property rights allegedly comprising his "interest to his dream." As examples, Mr. Saray's Complaint requests that this Court:

> Find that Defendants have infringed Plaintiff's personal Intellectual Property rights, by the acts complained of herein and that **said acts will damage and diminish the distinctiveness and value of Plaintiff's personal Intellectual Property rights, specifically Plaintiff' personal interest to his dream**.
>
> Find that Defendants' activities are likely to dilute, have diluted, and will continue **to dilute the distinctive quality of Plaintiffs' personal Intellectual Property rights, specifically Plaintiff's personal interest to his dreams**.
>
> Grant an order requiring Defendants to immediately cease and permanently refrain from all use of the "Insure Carefully, Dream Fearlessly" or in connection with the associated signage and promotional materials, and anywhere else such marks are used by the Defendants or any of their affiliates or related entities.
>
> Grant an order requiring Defendants **to deliver up on promise to restore Plaintiff's dream** and his intellectual property rights, and for destruction of all signage, slogans, and all promotional and/or advertising materials of any kind bearing the Service or Trademark, Insure Carefully, Dream Fearlessly.
>
> Award to Plaintiff damages as a result of Defendant's willful infringement, unfair competition, and dilution in an amount to be determined by an accounting, if necessary; and **to include Plaintiff or policyholder's dream-worth in accordance to Defendants explanation and evaluation of dream**.

*See* Dkt. 1-1 at ¶15.2-15.7 (emphasis added). Plaintiff also alleges a cause of action based on RCW 9.04.050, a criminal statute for which he plainly has no standing.

Mr. Saray's pleas for relief are completely frivolous and are an abuse of the legal system. Plaintiff should not be permitted to proceed with his frivolous lawsuit and the Court

Case No. 3:19-cv-05493-RJB
MOTION TO DISMISS – Page 2 of 15

**COLE | WATHEN LEID | HALL, P.C.**
**1505 WESTLAKE AVE N, STE 700**
**SEATTLE, WA  98109**
**(206) 622-0494**

should dismiss this suit as a matter of law.

## II. FACTS

This Court has already recognized the facial problems with Plaintiff's claims in ruling in denying his request for Court-appointed counsel.  On July 15, 2019, this Court ruled:

> The Plaintiff has not shown a likelihood of success on the merits. He appears to be able to articulate his claims adequately in light of the legal issues involved. The circumstances of this case do not make appointment of counsel necessary or just, nor does the case present exceptional circumstances.

*See* Dkt. 12 at 2.

Mr. Saray's lawsuit arises out of an Uninsured Motorist claim for a car accident that took place on June 20, 2016.  Dkt. 6 at ¶3.31.  Mr. Saray retained Philip's Law Firm on June 30, 2016.  *See* Dkt. 6 at 3.42.  Mr. Saray's relationship with Philip's was terminated and Mr. Saray thereafter retained the law offices of Harold D. Carr.  See Dkt. 6 at ¶3.61.  On or about March 3, 2017, American Family received a settlement demand from the law offices of Harold Carr.  Dkt. 6 at ¶3.97.  On July 21, 2017, Plaintiff retained new counsel, Kyle Olive.  *See* Dkt. 6 at 3.135.

Mr. Saray had policy limits of $25,000 per occurrence.  *See* Dkt. 2 at 42.

American Family paid Mr. Saray his policy limits of $25,000, via check dated September 14, 2018.  *See* Dkt. 2 at 64.  Mr. Olive wrote his client Mr. Saray advising him that $25,000 was all the coverage that he had available under his UIM policy, and that Mr. Saray should accept the policy limits or Mr. Olive would be forced to withdraw from representation.  *See* Dkt. 2 at 61.

On September 21, 2018, Mr. Olive acknowledged receipt of the policy limits, and informed American Family that Mr. Saray would negotiate the check.  See Dkt. 6 at 65.

Case No. 3:19-cv-05493-RJB
MOTION TO DISMISS – Page 3 of 15

**COLE | WATHEN LEID | HALL, P.C.**
**1505 WESTLAKE AVE N, STE 700**
**SEATTLE, WA  98109**
**(206) 622-0494**

Mr. Saray filed this action on June 3, 2019, roughly nine months after receiving the entirety of his contractual UM benefits.  *See* Dkt. 1-1

### III. EVIDENCE RELIED UP ON

1. The Pleadings on file herein.

### IV. ARGUMENT AND AUTHORITY

Mr. Saray's lawsuit should be dismissed because he was paid the entirety of his UM policy limits before filing suit, and he negotiated the check for policy limits.  Therefore, he does not have a valid breach of contract claim.

Mr. Saray's remaining claims fail as a matter of law because he fails to articulate a legally cognizable claim.  As this Court has already recognized:

> The Plaintiff has not shown a likelihood of success on the merits. He appears to be able to articulate his claims adequately in light of the legal issues involved. The circumstances of this case do not make appointment of counsel necessary or just, nor does the case present exceptional circumstances.

*See* Dkt. 12 at 2.

#### A. Standard of Review

When a court considers a Rule 12(b)(6) motion to dismiss, the court must determine whether the plaintiff has alleged sufficient facts to state a claim for relief which is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is facially plausible only if the plaintiff has pled "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*, citing *Twombly*, 550 U.S. at 556.

A Rule 12(b)(6) dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v.*

Case No. 3:19-cv-05493-RJB
MOTION TO DISMISS – Page 4 of 15

**COLE | WATHEN LEID | HALL, P.C.**
**1505 WESTLAKE AVE N, STE 700**
**SEATTLE, WA  98109**
**(206) 622-0494**

*Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). The sole issue raised by a 12(b)(6) motion is whether the facts pleaded, if established, would support a claim for relief; therefore, no matter how improbable those facts alleged are, they must be accepted as true for purposes of the motion. *Neitzke v. Williams*, 490 U.S. 319, 326-27, 109 S.Ct. 1827 (1989). In short, the complaint must provide "plausible" grounds for recovery on its face. *Id. Sotin v. Snider*, No. CV-07-325-RHW, 2008 U.S. Dist. LEXIS 120549, at 4-5 (E.D. Wash. May 14, 2008). Mr. Saray's complaint does not raise plausible causes of action.

Documents may also be incorporated by reference and considered by the Court on a motion to dismiss "if the contents of the document are alleged in a complaint, the document's authenticity is not in question and there are no disputed issues as to the document's relevance[.]" *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010) (where a billing agreement was not explicitly referred to in the complaint but necessary to the claim and its authenticity was not disputed, it was validly considered on a motion to dismiss).

Here, Mr. Saray has appended a number of exhibits to his complaint which may be considered by the Court in dismissing his claims.

**B.   The Complaint Fails to Allege Facts to Sustain a Breach of Contract Claim**

American Family paid Mr Saray $25,000, the entirety of his contractual UM benefits, on or about September 14, 2018. *See* Dkt. 2 at 64. Mr. Saray filed this action on June 3, 2019, roughly nine months after receiving the entirety of his contractual UM benefits. *See* Dkt. 1-1. Because Mr. Saray was paid his full UM benefits, he has no cause of action against American Family for breach of contract. *See Hamilton v. Farmers Ins. Co.*, 107 Wn.2d 721, 727, 733 P.2d 213 (1987), *citing Elovich v. Nationwide Ins. Co.*, 104 Wn.2d 543, 550, 707 P.2d 1319, 1323-24 (1985) (UM insurer is obligated to cover" until the injured insured's underinsurance

Case No. 3:19-cv-05493-RJB
MOTION TO DISMISS – Page 5 of 15

**COLE | WATHEN LEID | HALL, P.C.**
**1505 WESTLAKE AVE N, STE 700**
**SEATTLE, WA  98109**
**(206) 622-0494**

policy limits are reached or he is fully compensated for his damages, whichever occurs first.").

Mr. Saray has undisputedly received the entirety of his contractual benefits from American Family as settlement of his UM claim. *See* Dkt. 2 at 64. When American Family paid up to the policy limits, its duty under the contract was fulfilled. Moreover, Plaintiff negotiated the check on advice of counsel, who informed Mr. Saray that was all that he could recover under his UM policy, and the funds were used in part to fulfill a medical lien. *See* Dkt. 2 at 61, 65, 66. Thus, Mr. Saray has no claim for breach of contract as a matter of law and this claim must be dismissed.

**C.   Plaintiff's Bad Faith Allegations Cannot Give Rise to a Cause of Action.**

Plaintiff was paid the entirety of his policy limits, and has failed to articulate any legally cognizable damages arising out of alleged bad faith conduct by American Family. Damages are a necessary element of any extra-contractual insurance claims, including his Tort of Bad Faith, IFCA, and CPA claims. *Mutual of Enumclaw Ins. Co. v. Dan Paulson Constr. Co.,* 161 Wn.2d 903, 916, 169 P.3d 1 (2007); *see also Schreib v. Am. Family Mut. Ins. Co.*, 129 F. Supp. 3d 1129, 1135 (W.D. Wash. 2015) ("all three extra-contractual causes of action … require defining and calculating <u>actual damages proximately caused by the breach of duty or the statutory violation</u>.") (emphasis added). When damages are required, failure to prove damages through competent evidence warrants a judgment as a matter of law against the Plaintiff. *See A. B. Fosseen & Co. v. Kennewick Supply & Storage Co.*, 144 Wash. 67, 69, 256 P. 779 (1927) (upholding trial court's JNOV when "appellant had failed to prove by competent evidence that it had sustained any damage."). A Plaintiff claiming bad faith damages must prove those damages at trial. *Coventry v. American States Ins. Co.*, 136 Wn.2d 269, 285, 961 P.2d 933 (1998) ("Coventry must, like every other plaintiff, establish those damages at trial."). A trier of

Case No. 3:19-cv-05493-RJB
MOTION TO DISMISS – Page 6 of 15

**COLE | WATHEN LEID | HALL, P.C.**
**1505 WESTLAKE AVE N, STE 700**
**SEATTLE, WA  98109**
**(206) 622-0494**

fact only "has discretion to award damages which are within the range of relevant evidence." *Mason v. Mortgage Am.*, 114 Wn.2d 842, 850, 792 P.2d 142 (1990) (emphasis added).

Here, Mr. Saray received the entirety of his UM policy limits well in advance of initiating litigation. He has suffered no damages, and cannot prevail on a bad faith claim as a matter of law. Therefore, the Court should dismiss Mr. Saray's claim for breach of the duty of good faith.

### D. Plaintiff's Various Additional Causes of Action Have no Basis in Fact or Law and Should be Dismissed.

Most of Plaintiff's complaints arise out American Family slogans, and specifically the slogan "Insure Carefully, Dream Fearlessly," which simply cannot support any claim alleged by Plaintiff as a matter of law. Again, this court has already held that "The Plaintiff has not shown a likelihood of success on the merits." *See* Dkt. 12 at 2. None of Plaintiff's causes of action articulate a valid claim, and each should be dismissed as a matter of law.

### 1. Alleged Failure to Deliver on Implied Promises (Dkt. 6 at ¶¶5.1-5.17).

Mr. Saray alleges that American Family "has an implied duty to restore and to protect Plaintiff's Dreams." *See* Dkt. 6 at ¶5.1. He goes onto allege that "Dream is an intellectual property right that belongs to the members or policy holders, more specifically in this case, to the Plaintiff. *See id*. at ¶5.3. There is simply no basis whatsoever to allege that something as amorphous as "Plaintiff's dream" is a valid intellectual property right, and thus this claim should be dismissed as a matter of law.

Moreover, "puffery" or generalized statements "upon which no reasonable buyer would rely" do not support a cause of action." *Southland Sod Farms v. Stover Seed Co.*, 108 F.3d 1134, 1145 (9th Cir. 1997); *see also*, *Newcal Indus., Inc. v. Ikon Office Solution*, 513 F.3d

Case No. 3:19-cv-05493-RJB
MOTION TO DISMISS – Page 7 of 15

**COLE | WATHEN LEID | HALL, P.C.**
**1505 WESTLAKE AVE N, STE 700**
**SEATTLE, WA  98109**
**(206) 622-0494**

1038, 1053 (9th Cir. 2008) ("the determination of whether an alleged misrepresentation 'is a statement of fact' or is instead 'mere puffery' is a legal question that may be resolved on a Rule 12(b)(6) motion."). "Ultimately, the difference between a statement of fact and mere puffery rests in the specificity or generality of the claim. *Newcal Indus.*, 513 F.3d at 1053. There is no possible method to measure whether or how one would "Insure Carefully, Dream Fearlessly;" it is not a statement of fact, and no reasonable consumer would rely on these statements as conveying any specific service or result.

The slogans identified by Mr. Saray constitute non-actionable puffery and these claims should be dismissed as a matter of law.

**2. Alleged Denial of Medical Expense Benefits to Plaintiff (Dkt. 6 at ¶¶5.18-5.19).**

Plaintiff has not identified any outstanding charges for medical services which he is entitled to coverage that have not been paid. Rather, Plaintiff actually provides evidence that his medical costs have all been paid. *See* Dkt. 2 at 27, 28, and 66. Plaintiff has received his applicable UM policy limits in this matter. He is not entitled to any further coverage as a matter of law.

**3. Alleged Breach of Contract (Dkt. 6 at ¶¶5.20-5.24).**

Because, as discussed above, Mr. Saray was paid his policy limits, he has received the entirety of his contractual benefits. There is no claim for breach of contract and this claim should be dismissed as a matter of law.

**4. Alleged Breach of duty of Good Faith (Dkt. 6 at ¶¶5.25-5.26).**

As discussed above, Mr. Saray fails to allege a valid cause of action for the Tort of Bad Faith. As his claimed cause of action, Mr. Saray claims that American Family caused him to

Case No. 3:19-cv-05493-RJB
MOTION TO DISMISS – Page 8 of 15

**COLE | WATHEN LEID | HALL, P.C.**
1505 WESTLAKE AVE N, STE 700
SEATTLE, WA 98109
(206) 622-0494

"sustain severe inconvenience and confusion," but these allegations simply do not support a bad faith cause of action when he has been paid his contractual benefits in total, and he has provided no evidence of unpaid or outstanding medical expenses. *See* Dkt. 6 at page 43, ¶5.26.

Mr. Saray cannot demonstrate any damages for bad faith when he has been paid his contractual policy limits in advance of litigation, and his claim for bad faith should be dismissed as a matter of law. *See, Mutual of Enumclaw,* 161 Wn.2d at 916; and *Coventry*, 136 Wn.2d at 285 ("Coventry must, like every other plaintiff, establish those damages at trial.").

**5. Alleged Violation of the Insurance Fair Conduct Act (Dkt. 6 at ¶¶6.1-6.7).**

Because, as discussed above, Mr. Saray has been paid his policy limits, thus he has not been denied benefits, and his purported IFCA claim must be dismissed as a matter of law. *See Perez-Crisantos v. State Farm Fire & Cas. Co.*, 187 Wn.2d 669, 672, 389 P.3d 476, 477 (2017) (Plaintiff cannot prevail on an IFCA claim absent an unreasonable denial of claim or benefits).

Moreover, Mr. Saray failed to provide a 20-day IFCA notice, and failure to comply with IFCA's 20 day notice requirement mandates dismissal of an IFCA claim. *See* RCW 48.30.015(8)(a) ("Twenty days prior to filing an action based on this section, a first party claimant must provide written notice of the basis for the cause of action to the insurer and office of the insurance commissioner."); *MKB Constructors v. Am. Zurich Ins. Co.*, 49 F. Supp. 3d 814, 840 (2014) (IFCA's pre-suit notice provision is a mandatory condition precedent to an IFCA lawsuit); *see also Polygon Nw. Co. v. Nat'l Fire & Marine Ins. Co.*, No. C11-92Z, 2011 U.S. Dist. LEXIS 56408, 2011 WL 2020749, at *2, n.3 (W.D. Wash. May 24, 2011) (dismissing IFCA claim, as an alternative holding, where the plaintiff failed to wait 20 days after giving notice before suing).

Case No. 3:19-cv-05493-RJB
MOTION TO DISMISS – Page 9 of 15

**COLE | WATHEN LEID | HALL, P.C.**
**1505 WESTLAKE AVE N, STE 700**
**SEATTLE, WA 98109**
**(206) 622-0494**

1  Mr. Saray has made no showing that he complied with the IFCA notice requirements, and thus his IFCA claims must be dismissed as a matter of law.

**6. Alleged Violation of the Consumer Production Act (Dkt. 6 at ¶¶7.1-7.3).**

Mr. Saray has failed to articulate any damage to business or property as required to sustain a CPA cause of action and thus this claim should be dismissed as a matter of law. In order to prove a CPA claim, Plaintiff must establish the five elements set out in *Hangman Ridge Training Stables v. Safeco Title Ins. Co.*, 105 Wn.2d 778, 719 P.2d 531 (1986). A failure to establish all five elements of the *Hangman Ridge* test requires the court to dismiss the CPA claim. *Sign-O-Lite Signs v. DeLaurenti Florists*, 64 Wn. App. 553, 825 P.2d 714 (1992); *Van de Grift v. Skagit County*, 59 Wn. App. 545, 800 P.2d 375 (1990). The five *Hangman Ridge* elements are as follows:

1. An unfair or deceptive act or practice;
2. Occurring in trade or commerce;
3. That impacts the public interest;
4. Injury to his business or property; and
5. The injury was proximately caused by the unfair or deceptive act

*Hangman Ridge,* 105 Wn.2d at 784-785. The question of whether an act or practice is actionable under the CPA is a question of law. *Dombrosky,* 84 Wn. App. 245; *Blake v. Federal Way Cycle,* 40 Wn. App. 302, 309, 698 P.2d 578 (1985); *Keyes v. Bollinger,* 31 Wn. App. 286, 640 P.2d 1077 (1982).

Here, there is no alleged wrongful action of American Family that caused damage to business or property, and his CPA claim should be dismissed as a matter of law.

**7. Alleged Trademark Infringement (Dkt. 6 at ¶¶8.1-8.8).**

Mr. Saray's claim of trademark infringement is without any basis in fact or law and

Case No. 3:19-cv-05493-RJB
MOTION TO DISMISS – Page 10 of 15

**COLE | WATHEN LEID | HALL, P.C.**
**1505 WESTLAKE AVE N, STE 700**
**SEATTLE, WA 98109**
**(206) 622-0494**

must be dismissed as a matter of law.  "The "core element of trademark infringement" is "[p]rotecting against a likelihood of confusion," which helps to "ensur[e] that owners of trademarks can benefit from the goodwill associated with their marks" and "that consumers can distinguish among competing producers."" *Nelson-Ricks Cheese Co. v. Lakeview Cheese Co., Ltd. Liab. Co.*, 331 F. Supp. 3d 1131, 1139 (D. Idaho 2018), citing *Adobe Sys. Inc. v. Christenson*, 809 F.3d 1071, 1081 (9th Cir. 2015), and *Thane Int'l, Inc. v. Trek Bicycle Corp.*, 305 F.3d 894, 901 (9th Cir. 2002)).

Mr. Saray alleges that consumers will be generally confused by American Family slogans, but fails to allege that consumers will be confused as to with which insurance company they are dealing.  Mr. Saray has therefore failed to make any factual allegation that would support the "core element of trademark infringement," in this case confusion among competing insurers.  Further, there is no potential competing insurer using American Family's slogans.  Mr. Saray's trademark infringement claim should therefore be dismissed as a matter of law.

**8. Alleged False Designation (Dkt. 6 at ¶¶9.1-9.9).**

"To demonstrate falsity within the meaning of the Lanham Act [15 U.S.C.S. § 1125(a)], a plaintiff may show that the statement was literally false, either on its face or by necessary implication, or that the statement was literally true but likely to mislead or confuse consumers." *Southland Sod Farms v. Stover Seed Co.*, 108 F.3d 1134, 1139 (9th Cir. 1997).  The statement "Insure Carefully, Dream Fearlessly" and other similar advertising slogans cannot be shown to be false, and, as discussed above, constitute non-actionable puffery.

Mr. Saray's claims for false designation thus must be dismissed as a matter of law.

**9. Alleged Federal Dilution (Dkt. 6 at ¶¶10.1-10.6).**

Case No. 3:19-cv-05493-RJB
MOTION TO DISMISS – Page 11 of 15

**COLE | WATHEN LEID | HALL, P.C.**
**1505 WESTLAKE AVE N, STE 700**
**SEATTLE, WA  98109**
**(206) 622-0494**

In order to prove dilution, "a plaintiff must show that (1) the mark is famous and distinctive; (2) the defendant is making use of the mark in commerce; (3) the defendant's use began after the mark became famous; and (4) the defendant's use of the mark is likely to cause dilution by blurring or dilution by tarnishment." *Jada Toys, Inc. v. Mattel, Inc.*, 518 F.3d 628, 634 (9th Cir. 2008). Central to a dilution claim is that Plaintiff have a protected mark that is being damaged by dilution: "the mark used by the alleged diluter must be identical, or nearly identical, to the protected mark." *Jada Toys, Inc.*, 518 F.3d at 634. Further, the "two marks must be similar enough that a significant segment of the target group of customers sees the two marks as essentially the same." *Id*.

Because there is no claim that Plaintiff owns a mark that is being diluted by American Family's advertising slogan, Plaintiff's dilution claim fails as a matter of law and must be dismissed.

**10. Alleged Common Law Trademark Infringement (Dkt. 6 at ¶¶11.1-11.5).**

Because, as discussed above, Plaintiff does not allege any legitimate trademark right, his claim for common law trademark infringement has no basis whatsoever and should be dismissed as a matter of law.

**11. Alleged Unfair Competition Deceptive Trade Practice (Dkt. 6 at ¶¶12.1-12.8).**

Plaintiff alleges that American Family violated a criminal statute, RCW 9.04.050, and Plaintiff lacks standing to bring such an action. *See* Dkt. 6 at page 49, ¶12.5, and RCW 9.04.070 ("The attorney general or the prosecuting attorneys of the several counties may bring an action in the superior court to restrain and prevent any person from violating any provision of RCW 9.04.050 through 9.04.080.").

Case No. 3:19-cv-05493-RJB
MOTION TO DISMISS – Page 12 of 15

**COLE | WATHEN LEID | HALL, P.C.**
**1505 WESTLAKE AVE N, STE 700**
**SEATTLE, WA  98109**
**(206) 622-0494**

Plaintiff lacks standing to bring such a claim and his attempt to bring a cause of action pursuant to a criminal statute is wholly frivolous and should be dismissed as a matter of law.

**12. Alleged Trademark Dilution (Dkt. 6 at ¶¶13.1-13.4).**

As discussed above, Plaintiff's dilution claim fails as a matter of law because he has failed to establish that he possesses any trademark. Plaintiff's allegation that his "dreams and his respective intellectual property rights" are being diluted cannot support a legally cognizable claim as a matter of law. *See* Dkt 6 at ¶13.3. Plaintiff fails to identify a famous mark, and his claims must therefore be dismissed. *See Jada Toys, Inc. v. Mattel, Inc.*, 518 F.3d 628, 634 (9th Cir. 2008).

**E.  The Court Should Impose Sanctions on Plaintiff for Filing Frivolous, Vexatious Litigation.**

The Court may employ its inherent powers to sanction Plaintiff for this baseless lawsuit. *See*, *Fink v. Gomez*, 239 F.3d 989, 994 (9th Cir. 2001) ("Sanctions are available for a variety of types of willful actions, including recklessness when combined with an additional factor such as frivolousness, harassment, or an improper purpose."); *see also*, *Moore v. Keegan Mgmt. Co. (In re Keegan Mgmt. Co., Sec. Litig.)*, 78 F.3d 431, 435 (9th Cir. 1996) (distinguishing sanctions under Court's inherent power from sanctions pursuant to CR 11 or 28 USC §1927). Making claims that American Family is infringing on his dreams or those based on a criminal statue have no basis in law. This lawsuit is wholly frivolous and is a waste of Federal Judicial resources. An appropriate sanction is dismissal of this action in its entirety.[1]

**V. CONCLUSION**

---

[1] American Family has also served Plaintiff with a motion for monetary sanction pursuant to Fed. R. Civ. P. 11, which will be filed in 21 days unless Plaintiff voluntarily dismisses this action.

Case No. 3:19-cv-05493-RJB
MOTION TO DISMISS – Page 13 of 15

**COLE | WATHEN LEID | HALL, P.C.**
**1505 WESTLAKE AVE N, STE 700**
**SEATTLE, WA  98109**
**(206) 622-0494**

Plaintiff has retained, and been denied retention by, a litany of attorneys whom he now claims have wronged him in various ways.  He now brings a 54-page complaint while representing himself which contains a myriad of nonsensical and baseless claims.  The Court should dismiss Plaintiff's lawsuit in its entirety as none of his claims are valid as a matter of law.

DATED this 12th day of September, 2019.

**COLE | WATHEN | LEID | HALL, P.C.**

*s/ Ryan J. Hall*
Ryan J. Hall, WSBA #28585

*s/Christopher J. Roslaniec*
Christopher J. Roslaniec, WSBA 40568
*Attorneys for Defendants*
1505 Westlake Avenue North, Suite 700
Seattle, WA 98109
Tel: (206) 622-0494 | Fax: (206)587-2476
rhall@cwlhlaw.com   croslaniec@cwlhlaw.com

Case No. 3:19-cv-05493-RJB
MOTION TO DISMISS – Page 14 of 15

**COLE | WATHEN LEID | HALL, P.C.**
**1505 WESTLAKE AVE N, STE 700**
**SEATTLE, WA  98109**
**(206) 622-0494**

# CERTIFICATE OF SERVICE

The undersigned makes the following declaration certified to be true under penalty of perjury pursuant to RCW 9A.72.085:

On the date given below, I hereby certify that I caused the foregoing to be filed using the United States District Court for Western District of Washington – Document Filing System (CM/ECF) and a true and correct copy to be served on the following parties in the manner indicated:

| **Plaintiff Pro Se:**<br>Cehakanak Saray<br>4214 East N. Street<br>Tacoma, WA 98404<br>T: 253-217-0965<br>E: sarayc_2000@hotmail.com | **Via Email and US First Class Mail** |
|---|---|

I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

DATED at Seattle, Washington, this 12th day of September, 2019.

        *s/ Jodi Graham*
        Jodi Graham, Legal Assistant
        1505 Westlake Avenue N., Ste. 700
        Seattle, WA 98109
        206-622-0494
        jgraham@cwlhlaw.com

Case No. 3:19-cv-05493-RJB
MOTION TO DISMISS – Page 15 of 15

**COLE | WATHEN LEID | HALL, P.C.**
**1505 WESTLAKE AVE N, STE 700**
**SEATTLE, WA 98109**
**(206) 622-0494**